IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUAN V. ANDERSON, #K02862,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JANE DOE 1,** )<br>**CHARLES J. KARISCH,** )<br>**JOHN DOE 1,** )<br>**JANE DOE 2,** )<br>**and JOHN DOE 2,** )<br>)<br>**Defendants.** ) | Case No. 23-cv-03559-JPG |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was opened upon receipt of a handwritten Complaint from Plaintiff Juan Anderson on November 2, 2023. (Doc. 1). Plaintiff challenged extradition proceedings pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1985 and requested "free[dom]" from "the extradition hearing." *Id*. He commenced the action without prepaying the $402.00 filing fee or filing a Motion for Leave to Proceed *in forma pauperis* (IFP motion).

The Court entered two Notices concerning the action on November 2, 2023 (*see* Docs. 2 and 3). In one, Plaintiff was instructed to sign and return a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form on or before November 27, 2023. (Doc. 2). In the other, Plaintiff was advised of his obligation to either prepay the filing fee of $402.00 or file an IFP motion on or before December 2, 2023. (Doc. 3). He was also advised of his obligation to promptly notify the Court of any address change within fourteen days, by filing written Notice of Address Change. *Id*.

1

On November 3, 2023, the Court reviewed the Complaint and noted that Plaintiff requested freedom from extradition proceedings. (Docs. 1, 4). The Court entered an Order explaining that the more appropriate avenue to this relief was through a petition for writ of habeas corpus:

> A person resisting an extradition must seek a writ of habeas corpus and may also request a stay of extradition while his petition for a writ is considered. *See, e.g.*, *DeSilva v. DiLeonardi*, 181 F.3d 865 (7th Cir. 1999); *In re Assarsson*, 635 F.2d 1237 (7th Cir. 1980). The Court lacks authority to stay or overturn the extradition order herein or convert this action to a habeas proceeding. *See Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

(Doc. 4). Plaintiff was given until December 2, 2023, to: (a) notify the Court, in writing, if he intended to proceed with this action under 28 U.S.C. 1331 and 42 U.S.C. 1985; and (b) prepay the $402.00 filing fee or submit an IFP Motion by the same deadline. (Doc. 4). He was explicitly warned that "[f]ailure to comply with this Order shall result in dismissal of this action after this deadline expires." *See* FED. R. CIV. P. 41. Plaintiff was also provided with blank form Petitions for a Writ of Habeas Corpus Under 28 U.S.C. 2241 and 2254, along with this Order. *Id*.

Plaintiff missed the court-imposed deadlines that expired on November 27, 2023 and December 2, 2023, and the extended deadline for filing the Consent/Non-Consent to Proceed Before Magistrate Judge Jurisdiction Form on December 6, 2023. (Doc. 5). Document 4 and all form Petitions for Writ of Habeas Corpus were returned undelivered on December 4, 2023. (Doc. 6). A note on the envelope indicates that Plaintiff was discharged. *Id*. The Court has heard nothing more from Plaintiff in this case.[1]

---

[1] Plaintiff separately filed *Anderson v. Mace, et al.*, Case No. 23-cv-03597-SMY (S.D. Ill. filed Nov. 6, 2023). The case was largely duplicative of this action and was administratively closed on December 13, 2023. (Doc. 6). Just after case closure, the Court received a Motion for Leave to Proceed *in forma pauperis* (Doc. 8), Motion for Recruitment of Counsel (Doc 9), and Consent / Non-consent to Magistrate Judge Jurisdiction Form (Doc. 10) in the duplicative case but not in this action. Unless and until the documents are filed here, the Court cannot consider them part of this particular action.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice because this Court lacks jurisdiction to order the relief requested.  Plaintiff must file a First Amended Complaint, on or before **JANUARY 11, 2024**, if he intends to proceed with any claims in this case.  By the same deadline, Plaintiff is also **ORDERED** to: (a) update his address; (b) prepay the $402.00 filing fee <u>or</u> file an IFP motion; and (c) file his Notice and Consent/Non-Consent to Proceed Before a Magistrate Judge Jurisdiction Form in this action.

Plaintiff is **WARNED** that failure to comply with this Order by the deadline shall result in dismissal of this action for noncompliance with the Court's Orders and for want of prosecution under Federal Rule of Civil Procedure 41(b).

Along with this Order, the Clerk of Court is **DIRECTED** to **SEND** Plaintiff a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. §§ 2241 and 2254, a blank civil rights complaint form, and a blank IFP motion to Plaintiff at the address on file with the Court in this case and the duplicative case: ATTN: Juan Anderson, K02862, Robinson Correctional Center, 13423 East 1150th Ave., Robinson, IL, 62454 **and** ATTN: Juan Anderson, 2354 Chevy Chase Lane, Decatur, Georgia 30032.

**IT IS SO ORDERED**.

**DATED: 12/22/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**