IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN V. ANDERSON, #K02862, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-03559-JPG |
| | ) | |
| JANE DOE 1, | ) | |
| CHARLES J. KARISCH, | ) | |
| JOHN DOE 1, | ) | |
| JANE DOE 2, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Juan Anderson filed a Complaint (Doc. 1) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1985 to challenge extradition proceedings that were pending against him on November 2, 2023. He commenced this action without prepaying the $402.00 filing fee or filing a Motion for Leave to Proceed *in forma pauperis* (IFP motion). The Court ordered him to: (1) sign and return a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form on or before November 27, 2023 (Doc. 2); and (2) prepay the filing fee of $402.00 or file an IFP motion on or before December 2, 2023 (Doc. 3). He was also advised of his ongoing obligation to update his address within fourteen days of any address change (*id*.). Plaintiff was clearly warned that failure to comply with these requirements could result in sanctions that included dismissal of the case (Docs. 3, 5).

The Court entered a separate Order indicating that the proper avenue to relief could be a petition for writ of habeas corpus. (Doc. 4) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865 (7th Cir. 1999); *In re Assarsson*, 635 F.2d 1237 (7th Cir. 1980)). The Court also gave Plaintiff time to

decide whether to proceed with this action or voluntarily dismiss this case. *Id*. The Court received no communication from Plaintiff. *Id*.

The Court nevertheless screened the Complaint on December 22, 2023, and dismissed it without prejudice for lack of jurisdiction. (Doc. 7). Plaintiff was given until January 11, 2024, to file a First Amended Complaint, if he intended to pursue any claims herein. He was also ordered to do the following by the same deadline: (a) update his address; (b) prepay the $402.00 filing fee or file an IFP motion; and (c) file a Notice and Consent/Non-Consent to Proceed Before Magistrate Judge Jurisdiction Form. *Id*. He was further warned that the case would be dismissed for noncompliance with these Court Orders and for want of prosecution after the deadline expired. *Id*. (citing FED. R. CIV. P. 41).

All deadlines have expired, including extended deadlines. Plaintiff's mail was returned undelivered on December 4, 2023, with a note indicating that his sentence was discharged. (Doc. 6). He has not updated his address in the seven weeks since his mail was returned. And, a review of the record reveals that Plaintiff has filed nothing in this case since he filed the Complaint.

This action is therefore **DISMISSED** with prejudice for failure to comply with an Order of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/26/2024**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**